IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JESSICA A. HOBBS, | ) | |
| | ) | |
| Plaintiff | ) | Civil No. 08-616-MO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

**MOSMAN, J.,**

This court entered judgment on July 2, 2009. Docket #28. The Commissioner now moves to alter or amend judgment pursuant to Federal Rule of Civil Procedure Rule 59(e). Docket #29.

This court affirmed the Commissioner's decision regarding the claimant's credibility and the medical evidence. Order at 3-8 (Docket #27). This court reversed the Commissioner's finding regarding lay witness testimony submitted by claimant's husband, Gary Ledgett, credited Mr.

PAGE 1 - OPINION AND ORDER

Ledgett's testimony, and ordered the Commissioner to correctly apply the medical-vocational guidelines or solicit testimony from a vocational expert at steps four and five of the sequential disability analysis. Order at 11-12.

The Commissioner now submits that (1) an intervening change in controlling law has occurred, (2) this court incorrectly construed his argument at the first instance, and (3) this court incorrectly applied controlling law at the first instance. These submissions are without merit.

I. **No Change in Controlling Law**

This court's Opinion and Order was entered on June 9, 2009, and judgment was entered on June 30, 2009. On July 23, 2009, the Ninth Circuit held that lay witness testimony "similar" to a claimant's testimony may be rejected by an ALJ where the ALJ appropriately found the claimant not credible. *Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009) (July 23, 2009). However, the *Valentine* decision also reiterated that the ALJ must provide "germane" reasons for rejecting lay testimony that are particular to the witness. *Id.* (citing *Doddrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). The *Valentine* panel also "reminds ALJs to tie the reasoning of their credibility determinations to the particular witnesses whose testimony they reject." *Id*.

Here the ALJ included only a cursory statement finding that "any third party statements indicating disability" must be discounted because the claimant was not credible. AR 29. This truncated analysis does not identify the rejected lay testimony, and does not correlate a credibility finding with any particular testimony. If the ALJ had identified a lay witness, and noted that the witness's testimony described limitations or symptoms that were similar to the discredited testimony of the claimant, a different result might obtain. But that is not what happened here. For this reason, the ALJ's reasoning remains inconsistent with the legal standards for rejecting lay testimony.

## II.     The Commissioner's Argument

The Commissioner now asserts that this court misconstrued his submission regarding Mr. Ledgett's testimony at the first instance. Def.'s Br., 2. The Commissioner asserts that he argued that the ALJ "gave a germane reason for rejecting all lay witness testimony, even if he did not specifically link that rejection to a particular lay witness." *Id.* The Commissioner's original submission stated:

> In view of Plaintiff's exaggeration of symptoms . . . the ALJ discounted any third party or lay statement as a firsthand report of Plaintiff's exaggerated presentation, and not her true abilities or limitations. Essentially, this is the same reason the ALJ discounted the opinion of Dr. Heijinian and is a germane reason for rejecting the law statements. *Lewis*, 236 F.3d at 511.

Def.'s Br. 15. The Commissioner neither pointed to instances in Mr. Ledgett's testimony that should be found not credible, nor explained the manner in which Mr. Ledgett is allegedly repeating his wife's non-credible complaints. Instead, the Commissioner asks this court to infer that the ALJ's reasoning for rejecting a treating physician should be extended to his rejection of the lay testimony.

This reasoning again fails to show that the ALJ provided a suitably germane reason for rejecting Mr. Ledgett's testimony. The value of lay testimony flows from the witness's direct observations of the claimant. *Doddrill*, 80 F.3d at 918-19. The ALJ may reject lay testimony describing limitations that are inconsistent with the medical record. *Lewis*, 236 F.3d at 511-12. However, this standard does not establish that rejection of a physician's opinion based upon a claimant's credibility necessarily allows rejection of lay testimony. Further, the ALJ presently offered no discussion of Mr. Ledgett's testimony in comparison to the medical evidence. Tr. 29. This court cannot now construe such reasoning for the ALJ.

The Commissioner also contends that the ALJ's reasoning was suitably germane to Mr.

Ledgett "although there is no case authority that stands for this proposition." Def.'s Br. 2.  Here the Commissioner asks the court to infer that, because an ALJ may reject physician opinions predicated upon reports of a claimant found not credible, the ALJ may reject lay testimony for the same reason. *Id.* (citing *Bray v. Comm'r*, 554 F.3d 1219, 1228 (9th Cir. 2009).  The Commissioner fails to acknowledge that the ALJ may not reject a physician's opinion based upon a finding that the claimant is not credible where that opinion is supported by the physician's independent observations and clinical testing.  *Ryan v. Astrue*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) (citing *Edlund v. Massinari*, 253 F.3d 1152, 1159 (9th Cir. 2001)).  Here the court again notes that the value of lay testimony stems from the witness's direct observations of the claimant.  *Doddrill*, 80 F.3d at 918-19.  The ALJ therefore may not reject unidentified lay witness observations, without further discussion, simply because the claimant is not credible.

In summary, where the ALJ failed to identify the lay testimony or consider the limitations described in that testimony, this court may not infer that the ALJ rejected that testimony for suitably germane reasons simply because the claimant is not credible.

### III.    Credit-As-True Rule

Finally, the Commissioner asserts that this court erred in ordering that Mr. Ledgett's testimony be credited.

The Commissioner asserts that this court credited Mr. Ledgett's testimony under the standard articulated in *Schneider v. Comm'r*, 223 F.3d 968, 976 (9th Cir. 2000). Def.'s Br., 3.  This submission is erroneous.  The court noted its authority to credit lay testimony establishing disability.  Opinion and Order at 9 (citing *Schneider*, 223 F3.d at 976).  However, the court made no finding that Mr. Ledgett's testimony establishes that Ms. Hobbs is disabled.  Instead, the court found that the

incorrectly omitted testimony must be addressed by a vocational expert or the medical-vocational guidelines upon remand. Opinion and Order at 11-12. Here the court followed *Hammock v. Bowen*, 879 F.3d 498, 504 (9th Cir. 1989) in crediting improperly omitted testimony and ordering the ALJ to seek vocational expert testimony. *Id.*

The purpose of the credit-as-true rule is to expedite proceedings upon remand. *Vasquez v. Astrue*, 572 F.3d 586, 593-94 (9th Cir. 2009). It also precludes this court from promulgating a "heads we win; tails, let's play again' system of disability benefits adjudication" where the ALJ has made erroneous credibility findings. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). However, there are limits to the credit-as-true rule. It is axiomatic that the reviewing court may not credit testimony and subsequently award benefits contrary to the Act. *See Vasquez*, 572 F.3d at 589 (O'Scannlain J., dissenting). This court is also precluded from making independent findings of fact in reviewing the Commissioner's decision. Therefore, this court has no authority to speculate upon the effects of Mr. Ledgett's testimony upon the ALJ's step five findings where the vocational expert did not address the disputed limitations.

For these reasons, Mr. Ledgett's testimony remains credited. The Commissioner must determine the effects of that testimony upon remand.

IT IS SO ORDERED.

Dated this  16th  day of September, 2009.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

PAGE 5 - OPINION AND ORDER